# IN THE COURT OF APPEALS OF IOWA

No. 23-0323
Filed November 8, 2023

**ROBERT THOMAS,**
Plaintiff-Appellant,

**vs.**

**ARCHER DANIELS MIDLAND COMPANY,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


Robert Thomas appeals a ruling on judicial review that affirmed the workers'

compensation commissioner's appeal decision. **AFFIRMED.**


Anthony J. Olson of Rush & Nicholson, P.L.C., Cedar Rapids, for appellant.

Peter J. Thill and Brandon W. Lobberecht of Betty, Neuman & McMahon,

P.L.C., Davenport, for appellee.


Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Robert Thomas appeals a ruling on judicial review that affirmed the workers' compensation commissioner's appeal decision. Thomas challenges the finding that injuries he sustained in June 2018 were not sequelae of an injury arising out of and in the course of his employment with Archer Daniels Midland Co. (ADM). He also contends that the commissioner erred in crediting ADM for overpayment of temporary disability and healing period benefits. Because we concur with the district court that substantial evidence supports the commissioner's findings and the commissioner did not err in interpreting the law, we affirm.

**I. Background Facts and Proceedings.**

The parties agree that Thomas sustained a work-related injury to his right eye in January 2017. He underwent four surgeries to repair the damage but continues to have trouble with depth perception. A doctor assessed Thomas with a 79.5 percent impairment rating to his right eye.

In June 2018, Thomas sustained several injuries while stepping off a pontoon boat. Although he does not remember what happened and no one witnessed the event, Thomas believes his lack of depth perception caused him to fall. Thomas speculates that he struck his face against a wooden 2x4 and was knocked consciousness before falling backward and striking his head on cement. He sustained a laceration on the back of his head, three fractured teeth, and fractures of his maxillary sinus.

Thomas petitioned for workers' compensation benefits for the injuries he sustained in June 2018, alleging they were proximately caused by the impairment to his right eye and are thus sequelae of his 2017 work injury. A deputy workers'

compensation commissioner agreed, finding "[t]he greater weight of evidence supports a finding that the claimant's eye injury and resulting lack of depth perception was, more likely than not, a substantial contributing factor to his fall on June 30, 2018." On this basis, the deputy awarded Thomas healing period benefits from July 1, 2018, through December 16, 2018, for the injuries Thomas sustained in the fall.

After ADM appealed, the workers' compensation commissioner issued an appeal decision finding Thomas failed to prove the June 2018 injuries are sequelae of the 2017 work injury. The commissioner also held ADM was entitled to a credit for overpayment of temporary disability and healing period benefits against the payment of Thomas's permanent partial disability benefits for the 2017 work injury. The district court affirmed the appeal decision on judicial review. Thomas appeals.

**II. Scope of Review.**

"We review a district court's dismissal of a petition for judicial review for correction of errors at law." *Irland v. Iowa Bd. of Med.*, 939 N.W.2d 85, 89 (Iowa 2020). Iowa Code section 17A.19 (2022) sets out our standard of review, which depends on the grounds raised by the petitioner. *Tyson Foods, Inc. v. Hedlund*, 740 N.W.2d 192, 195 (Iowa 2007). The question is whether we reach the same conclusions as the district court when applying those standards. *Id.* If so, we affirm; if not, we reverse or modify. *Id.*

**III. Whether the June 2018 injuries are sequelae of the work injury.**

Thomas first challenges the evidence supporting the commissioner's finding that Thomas failed to prove the impairment from his work-related eye injury was the proximate cause of the injuries he sustained in June 2018. Because "[m]edical

causation is a question of fact vested in the commissioner's discretion," *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014), Thomas is entitled to judicial relief only if the commissioner's finding "is not supported by substantial evidence in the record before the court when that record is viewed as a whole," Iowa Code § 17A.19(10)(f). Substantial evidence is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." *Id.* § 17A.19(10)(f)(1). "Evidence is not insubstantial merely because different conclusions may be drawn from the evidence." *Brooks*, 843 N.W.2d at 889 (citation omitted). So the question before us is not whether the evidence supports a different finding; it is whether it supports the finding the commissioner made. *Id.*

Substantial evidence supports the commissioner's finding that Thomas failed to show his right-eye impairment was the proximate cause of his June 2018 fall. Thomas suspects that the impairment to his right eye caused his fall, but he cannot recall what happened. There were no witnesses to provide context. The only other evidence on which to rely for causation are the opinions of two medical experts who conducted independent medical examinations. When asked whether Thomas was at greater risk of fall injuries like the one that occurred in June 2018, one expert agreed that Thomas was at greater risk of a fall due to his loss of vision and depth perception. The other answered that "it is conceivable that his unilateral vision loss contributed to the fall" in June 2018. Although both opinions allow for the possibility that the fall was caused by Thomas's eye impairment, neither expert stated it was the likely cause. This speculation is not enough to establish medical

causation. *See Sanchez v. Blue Bird Midwest*, 554 N.W.2d 283, 285 (Iowa Ct. App. 1996) ("A possibility of causation is not sufficient; a probability is necessary."); *Giere v. Aase Haugen Homes, Inc.*, 146 N.W.2d 911, 915 (Iowa 1966) ("Medical testimony that it is possible a given injury was the cause of subsequent [injury], or 'could have' caused it is insufficient . . . . Testimony indicating probability or likelihood of such causal relation is necessary.").

**IV. Whether ADM can receive credit for overpayment of benefits.**

Thomas also contends the commissioner erred in interpreting the workers' compensation statute to award ADM credit for overpayment of benefits related to the 2018 injury. "The standard of review applied to an agency's determination of legal issues depends upon whether this court gives deference to interpretations of law by the agency." *Am. Home Assurance v. Liberty Mut. Fire Ins. Co.*, 975 N.W.2d 427, 430 (Iowa 2022). "The legislature has not expressly vested the workers' compensation commissioner with authority to interpret the workers' compensation statutes in chapter 85." *Ramirez-Trujillo v. Quality Egg, L.L.C.*, 878 N.W.2d 759, 769 (Iowa 2016). Thus, our review is for errors at law. *See Am. Home Assurance*, 975 N.W.2d at 430 (citing Iowa Code § 17A.19(10)(c)).

When Thomas was injured in January 2017, the statute in effect stated:

> 4. Credits for excess payments. If an employee is paid weekly compensation benefits for temporary total disability under section 85.33, subsection 1, for a healing period under section 85.34, subsection 1, or for temporary partial disability under section 85.33, subsection 2, in excess of that required by this chapter and chapters 85A, 85B, and 86, *the excess shall be credited against the liability of the employer for permanent partial disability under section 85.34, subsection 2*, provided that the employer or the employer's representative has acted in good faith in determining and notifying an employee when the temporary total disability, healing period, or temporary partial disability benefits are terminated.

> 5. Recovery of employee overpayment. If an employee is paid any weekly benefits in excess of that required by this chapter and chapters 85A, 85B, and 86, the excess paid by the employer shall be credited against the liability of the employer for any future weekly benefits due pursuant to subsection 2, for a subsequent injury to the same employee.

Iowa Code § 85.34 (2017) (emphasis added).[1] The commissioner credited ADM's overpayment of temporary disability and healing period benefits against payment of Thomas's permanent partial disability benefits for the 2017 work injury.

Thomas argues the commissioner misinterpreted section 85.34 by giving ADM an overpayment credit against the payment of weekly benefits for the same injury rather than a future injury. Thomas cites *Swiss Colony, Inc. v. Deutmeyer*, 789 N.W.2d 129, 137 (Iowa 2010), in which the supreme court stated that the credit against future injuries provided in section 85.34(5) "must be interpreted to apply to *all* overpayments of benefits." Removing this quote from all context, Thomas suggests that the supreme court held the overpayment of any workers' compensation benefits, including temporary disability and healing period benefits, applies against future injuries. But the *Swiss Colony* holding addresses only overpayment of permanent partial disability benefits. 789 N.W.2d at 137. The language Thomas quotes was a response to the employer's claim that credit against future injuries should apply only after an employee receives all permanent partial disability payments. With this context, *Swiss Colony* held "that section

---

[1] The legislature later amended the emphasized portion of the statute to state that "the excess paid by the employer shall be credited against the liability of the employer for credit for any future weekly benefits due for an injury to that employee." *See* 2017 Iowa Acts ch. 23, § 12 (codified at Iowa Code § 85.34(4)). The amended statute applies only to injuries that occurred on or after the date it took effect. *See* 2017 Iowa Acts ch. 23, § 24.

85.34(5) must be interpreted to apply to *all* overpayments of [permanency] benefits, including an overpayment of weekly benefits and not simply an overpayment of the entire benefit award." *Id.*

This case concerns ADM's overpayment of temporary disability and healing period benefits. Section 85.34(4) addresses those overpayments by allowing a credit against future permanent partial disability benefits for the same injury. Reading section 85.34(5) to apply to overpayment of *all* workers' compensation benefits, including temporary disability and healing period benefits, would render section 85.34(4) superfluous, which is contrary to the rules of statutory construction. *See Rojas v. Pine Ridge Farms, L.L.C.*, 779 N.W.2d 223, 231 (Iowa 2010) ("When interpreting a statute, we assess the entire statute, not just isolated words or phrases. We also presume the legislature included all parts of the statute for a purpose, so we will avoid reading the statute in a way that would make any portion of it redundant or irrelevant." (internal citation omitted)). We find no error in the commissioner's award of overpayment credits under section 85.34(4).

**V. Conclusion.**

Substantial evidence supports the finding that Thomas failed to show injuries sustained in June 2018 are sequelae of his 2017 work injury, and the commissioner properly credited ADM's overpayment of temporary disability and healing period benefits against payment of permanent partial disability benefits for the same injury. Because we reach the same conclusions as the district court, we affirm its denial of Thomas's petition for judicial review.

**AFFIRMED.**